**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-21292-Civ-WILLIAMS/TORRES

MAURIN CHACON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**REPORT AND RECOMMENDATION ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Maurin Chacon's ("Petitioner" or "Mr. Chacon") petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2255 that he filed on March 25, 2020. [CVDE 1]. The United States of America (the "Government" or "Respondent") responded on May 15, 2020 [CVDE 7] to which Petitioner replied on June 22, 2020. [CVDE 10]. Therefore, the Petition is now ripe for disposition. After careful review of the record and the arguments presented, we recommend that the Petition be **DENIED**.[1]

---

[1]    On March 27, 2020, the Honorable Kathleen Williams referred the Petition to the undersigned Magistrate Judge. We refer to documents filed in Petitioner's criminal case, 14-20017-CR-Williams, as "CRDE" and to items filed in his civil case, 20-21292-CV-Williams/Torres, as "CVDE". Each abbreviation will be followed with the docket entry and the corresponding page number where appropriate.

## I.   FACTUAL AND PROCEDURAL HISTORY

On October of 2014, a second superseding indictment charged Petitioner and thirteen co-defendants with conspiracy to possess 280 grams or more of cocaine and a detectable quantity of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1).   [CVDE 199].   The Government also charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5); commission of a violent crime in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a) and 2 (Count 6); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 7); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 9 and 28); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 23); and multiple counts of possession of cocaine and marijuana with an intent to distribute (Counts 8, 12, 13, 18, 19, 20, 21, 22, and 30).   [CRDE 199].

Petitioner and four co-defendants went to trial in February 2015.   The district court granted Petitioner's Rule 29 motion for acquittal on Counts 6 and 7 [CRDE 877 at 135], and the remaining charges went to the jury.   The jury found Petitioner guilty on Counts 1, 8, 9, 12, 13, 19, 20, 22, 23, and 30 and found him not guilty on counts 5, 18, 21, and 28. [CRDE 905].   The Court then sentenced Petitioner to 420 months (i.e. 35 years) of imprisonment.

2

After sentencing, the Petitioner raised the following errors on appeal: (1) insufficient evidence as to Counts 1 (drug conspiracy), 8 (possession of a controlled substance with an intent to distribute), and 9 (firearm possession in furtherance of drug trafficking), (2) cumulative errors, (3) improper closing arguments, and (4) erroneous sentencing. *See* Maurin Chacon, Appellant's Brief, 2017 WL 1245022. The appeal was ultimately unsuccessful, including his petition of a writ of certiorari before the United States Supreme Court.   [CRDE 1569 and 1576].

## II.   ANALYSIS

Mr. Chacon now raises five challenges to his imprisonment: (1) a claim for relief based on a change of law as to firearm possession by a convicted felon, (2) a challenge to his drug conspiracy charge in Count 1, (3) a challenge to the section 924(c) charge in Count 9, (4) a claim of ineffective counsel at the plea stage, and (5) a claim of ineffective assistance of counsel at the sentencing phase.   The Government argues, in response, that the Petition lacks merit in all respects and that the Petition should be denied for several reasons.   Before turning to the merits, we lay out the general principles of a habeas petition based on 28 U.S.C. § 2255.

### A.   *Section 2255 Generally*

Section 2255 authorizes a federal prisoner to seek to vacate, set aside, or correct his sentence if the sentence was imposed in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2255(a).   Such a motion is subject to heightened pleading requirements, which mandate that the motion must specify all

the grounds of relief and state the facts supporting each ground.  *See* Rules 2(b)(1) &
(2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849,
856 (1994).  When a § 2255 motion is filed, it is subject to preliminary review, at
which time the court is authorized to summarily dismiss the motion "[i]f it plainly
appears from the motion, any attached exhibits, and the record of the prior
proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules
Governing § 2255 Proceedings.  A § 2255 movant is not entitled to a hearing or
post-conviction relief when his claims fail to state a cognizable claim or if he presents
only conclusory allegations unsupported by specifics or contentions that in the face of
the record are wholly incredible.[2]  *See Lynn v. United States*, 365 F.3d 1225, 1239
(11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).
Having established the legal framework of a § 2255 petition, we turn to the
arguments presented.

### B.   *Claim One: A Rehaif Error*

To begin, Petitioner argues that his conviction under 18 U.S.C. § 922(g) (a
felon in possession of a firearm) must be vacated because of the Supreme Court's

---

[2]    To provide more color on a petitioner's right to a hearing, a district court must
generally hold an evidentiary hearing on a habeas petition "unless the motion and
the files and records of the case conclusively show that the prisoner is entitled to no
relief[.]"  28 U.S.C. § 2255(b).  However, a district court is not required to hold an
evidentiary hearing where the petitioner's allegations are patently frivolous, based
upon unsupported generalizations, or affirmatively contradicted by the record.  *See
Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted).  To
establish entitlement to an evidentiary hearing on a claim of ineffective assistance of
counsel, a petitioner must "allege facts that would prove both that his counsel
performed deficiently and that he was prejudiced by his counsel's deficient
performance."  *Hernandez v. United States*, 778 F.3d 1230, 1232-33 (11th Cir. 2015).

4

landmark decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  There, the petitioner entered the United States on a nonimmigrant student visa to attend college but was dismissed for poor grades.   He later shot two guns at a firing range and was indicted under 18 U.S.C. §§ 922(g) and 942(a).   The first law makes it unlawful for certain individuals (i.e. felons) to be in possession of a firearm and the second sets a statutory penalty of up to ten years of imprisonment.   The Court found that "in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.*  *Rehaif* overturned the law of every circuit, including the Eleventh Circuit, which had previously held that the government need not prove that a defendant knew he belonged to a category of persons prohibited from possessing a firearm. *See, e.g.*, *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (holding that the government was not required to prove that the defendant knew he was a convicted felon for purposes of § 922(g)(1)).

Mr. Chacon claims that, under *Rehaif*, his conviction and sentence under § 922(g) should be vacated because the jury in the underlying criminal proceeding was not required to find that he knew he was a felon at the time of the offense.   Instead, Petitioner claims that the jury understood that the defendant did not need to know his status at all.   And because Petitioner's record with the criminal justice system reflects multiple instances where no prison sentence was imposed, Petitioner

contends that the Government's failure to prove knowledge has led to an unlawful prison sentence.  Therefore, Petitioner concludes that his conviction and sentence for possession of a firearm by a convicted felon should be vacated and that his case should be set for resentencing.

The Government takes issue with Mr. Chacon's position because – although *Rehaif* is retroactive on collateral review – his claim is procedurally defaulted and otherwise not a miscarriage of justice.  Although the Government concedes that *Rehaif* is retroactive on collateral review, courts have consistently found otherwise.[3] *See McFarlane v. United States*, 2020 WL 2525391, at *1 (M.D. Fla. May 18, 2020) ("He is incorrect that *Rehaif* applies retroactively to cases on collateral review.").   In *In re Palacios*, the Eleventh Circuit determined that the Supreme Court's decision in *Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2). 931 F.3d at 1315; *see also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) ("First, *Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2).   Further, the Supreme Court did not make *Rehaif* retroactive to cases on collateral review.") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)).   The Eleventh Circuit also found that, even if *Rehaif had* announced a new rule of constitutional law, the Supreme Court has not made that decision retroactive to cases on collateral review.

---

[3]     The Court sentenced Petitioner to 420 months of imprisonment on January 28, 2016 [CRDE 1404] and *Rehaif* was decided three years later in 2019.

6

*Id.* Given the Eleventh Circuit's holding – that neither party referenced – it is unclear how Petitioner's claim can even be considered.

But putting that aside, Petitioner's claim is procedurally barred because he never raised this issue on appeal. Under the procedural default rule, a "defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v.*, 365 F.3d at 1234 (citations omitted); *see also Reed v. Farley,* 512 U.S. 339, 354 (1994) ("Where the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation." (internal quotation marks, punctuation, and citations omitted)). In other words, a petitioner may not use a collateral attack as "a surrogate for a direct appeal." *Id.* at 1232.

There are, however, two exceptions to the general rule. The first exception requires a defendant to "show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Lynn*, 365 F.3d at 1234 (emphasis in original) (citations omitted); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citations omitted). Specifically, this requires a petitioner to demonstrate that there was some objective factor

external to the defense that impeded efforts to raise the issue beforehand.  *See Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).  A "showing that the legal basis for a claim was not 'reasonably available to counsel' could constitute cause."  *Ward*, 592 F.3d at 1157 (quoting *Ross*, 468 U.S. at 16).  If a petitioner fails to show cause, the analysis for the first exception ends there and "we need not proceed to the issue of prejudice."  *Ward*, 592 F.3d at 1157 (citing *McCleskey v. Zant,* 499 U.S. 467, 502 (1991)).  But, once cause is shown, the petitioner must show actual prejudice which requires a petitioner to "demonstrate that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'"  *Ward*, 592 F.3d at 1157 (quoting *McCoy v. Newsome,* 953 F.2d 1252, 1261 (11th Cir. 1992)).

"Actual prejudice means more than just the possibility of prejudice; it requires that the error 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  *Ward*, 592 F.3d at 1178 (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)).  The Eleventh Circuit has presented a basic question to assist courts in determining actual prejudice: "'[d]id the intrusion affect the jury's deliberations and thereby its verdict?'"  *Ward*, 592 F.3d at 1179 (quoting *United States v. Olano,* 507 U.S. 725, 739 (1993)).  If a petitioner has suffered an "illegal sentence" on any count of conviction, he has sufficiently alleged actual prejudice as a matter of law and habeas relief may be warranted.  *See Mays v. United States*, 817 F.3d 728, 737 (11th Cir. 2016) ("[A]n illegal sentence warrants

8

habeas relief" where a "sentencing error 'affects the defendant's substantial rights and seriously affects the fairness, integrity, ort public reputation of the judicial proceedings.'") (citing *United States v. Sanchez,* 586 F.3d 918, 930 (11th Cir. 2009) (holding that an error resulting in a sentence above the statutory maximum meets even the plain error standard) (internal quotation marks omitted)).

"Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234 (citations omitted); *see also Bailey v. Nagle,* 172 F.3d 1299, 1306 (11th Cir. 1999) (internal quotation marks and citations omitted) ("A habeas petitioner can escape the procedural default doctrine either through showing cause for the default and prejudice, or establishing a fundamental miscarriage of justice.").   The second exception is "exceedingly narrow in scope" and "requires proof of actual innocence, not just legal innocence."   *Ward*, 592 F.3d at 1157 (quoting *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001)).

In light of these principles, Petitioner cannot meet either of the two exceptions under the procedural default rule.   While it is true that the Eleventh Circuit had previously foreclosed the argument that Petitioner now advances with respect to the knowledge requirement for a conviction under § 922(g), "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."   *Bousley v. United States,* 523 U.S. 614, 623 (1998) (internal

citation and quotation marks omitted).   While a petitioner can establish cause for not bringing a "claim that 'is so novel that its legal basis is not reasonably available to counsel,'" *id.* at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)), that does not apply in this case because the question presented in *Rehaif* has been litigated for more than three decades.   *See, e.g.*, *Dawkins v. United States*, 2020 WL 3576841, at *2 (N.D. Ala. July 1, 2020) ("While . . . the Eleventh Circuit held that knowledge of felon status was not an element of the offense, defendants in the Eleventh Circuit and elsewhere had raised similar arguments before the Supreme Court's decision in *Rehaif*.") (citing *United States v. Rehaif*, 868 F.3d 907 (11th Cir. 2017) (defendant argued that knowledge of immigration status was required under Section 922(g)(5)(A)); *United States v. Games-Perez,* 667 F.3d 1136, 1142 (10th Cir. 2012) (defendant argued that knowledge of felon status was required under Section 922(g)(1) despite prior precedent); *Bousley v United States*, 523 U.S. 614, 622 (1998) (rejecting petitioner's argument that it was "novel" to claim that an earlier version of Section 924(c)(1)(A) did not criminalize simple possession of a firearm in furtherance of a crime of violence or drug trafficking crime)).   Therefore, Petitioner cannot establish cause as an exception to the procedural default rule.   *Bousley,* 523 U.S. at 623 ("[A]t the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession.'") (citation omitted).

10

Petitioner has also not shown that he is actually innocent and – to the extent he relies solely on a *Rehaif* error – that alone is not enough.   *See United States v. Sanders*, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020) ("A *Rehaif* error, without more, does not establish actual innocence.") (citing *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)).   Actual innocence requires a petitioner to show that it was "more likely than not that no reasonable juror would have convicted him" had the district court correctly instructed the jury and given the Government the opportunity to adduce evidence of the omitted element.   *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).   And in making that determination, a court must consider a petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial."   *Id.* at 328 (quotation marks and citation omitted).

There is no evidence, however, in this case that Petitioner is actually innocent.   Petitioner mentions in his reply that a "jury confronted with the evidence of record would almost certainly have acquitted," because the Government's evidence "merely showed banter regarding the sale of a gun."   [CVDE 10 at 8].   Petitioner then states that "relief would have been granted if counsel had properly preserved movant's rights in the certiorari process," and that there is insufficient evidence in the record that Petitioner knew he was a prohibited person in possession of a firearm.   *Id.*

These generic arguments are hardly persuasive because they merely consist of Petitioner's own self-serving and conclusory claims as to the evidence presented in this case. *See Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) (explaining that a petitioner is not entitled to federal habeas relief "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible"); *see also Hails v. Davenport*, 2016 WL 1068975, at *3 (M.D. Ala. Jan. 29, 2016), *Report and Recommendation adopted*, 2016 WL 1060811 (M.D. Ala. Mar. 17, 2016) ("This argument with his other ineffectiveness challenges and his assertion that the evidence presented at trial was insufficient to sustain his convictions, are, essentially, attempts to challenge the State's failure to prove the essential elements of the offenses for which he was convicted or constitute claims of legal insufficiency rather than factual innocence") (citing cases).  Petitioner has also failed to present "any new evidence so compelling that no juror would have convicted him."  *Crump v. United States*, 2018 WL 3869607, at *2 (11th Cir. July 17, 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392, 399 (2013)).  Petitioner has instead rehashed his view of the evidence already presented and reached a different conclusion.  Because this is insufficient to show actual innocence and Petitioner cannot otherwise avail himself of any other exception to the procedural default rule, his *Rehaif* claim has been waived and should be **DENIED**.

12

### C.     *Claim Two: The Conspiracy Charge*

Petitioner's second challenge is directed at his conspiracy conviction under 21 U.S.C. § 846 because it aggregated 21 drug-related offenses to reach a total amount of 280 grams of crack cocaine.   Plaintiff takes issue with his conspiracy conviction because, although the indictment specified a lengthy period for a conspiracy to distribute drugs, it failed to charge Petitioner with multiple violations of U.S.C. § 841.[4]   Petitioner reasons that this aggregation violates due process because, while a conspiracy can aggregate multiple offenses, Count 1 of the indictment failed to do so. [CVDE 10 at 2 ("The government compares Count 1 to a 'continuing conspiracy' offense, but what the government means by this is to argue that the conspirators conspired to commit multiple § 841 offenses over an extended period of time. Those substantive offense objects . . . would properly constitute multiple *objects* of the conspiracy *if* the indictment had alleged them, but Count 1 did not.")].

Petitioner also claims that it was unclear to the jury as to how many violations Petitioner should be convicted of because each of the offenses only involved small quantities of hand-to-hand drug transactions.   Indeed, Petitioner alleges that the jury returned its verdict with no finding that there was unanimous agreement to commit these specific drug transactions.   Petitioner then calls into question whether the jury verdict was unanimous because "a jury in a federal

---

[4]     These drug-related offenses are found in pursuant to 21 U.S.C. § 841(a)(1) and it makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

criminal case cannot convict unless it unanimously finds that the Government has proved each element." *Richardson v. United States*, 526 U.S. 813, 817 (1999). Petitioner therefore concludes that his conspiracy conviction is invalid and must be vacated.[5]

The most glaring problem with Petitioner's argument is that it cannot be considered on collateral review because this is the first time it has ever been raised.[6] As explained earlier, the procedural default doctrine reflects the "general rule" that "claims not raised on direct appeal may not be raised on collateral review[.]" *Massaro v. United States,* 538 U.S. 500 (2003); *Reed v. Farley,* 512 U.S. 339, 354 (1994) ("'[T]he general rule is that the writ of habeas corpus will not be allowed to do service for an appeal.'").   To adequately preserve a claim, Petitioner had to raise the issue with both the trial court (whether by motion, objection, or otherwise) and also on direct appeal. *See Murray v. Carrier,* 477 U.S. 478, 490–92 (1986); *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011) (stating that in order to avoid a procedural default, "'a defendant generally must advance an available challenge to a

---

[5]    If the conspiracy conviction were vacated, Petitioner would be entitled to a greatly reduced sentence because he would no longer be guilty of an offense tethered to the distribution of 280 grams.

[6]    The Government states that Petitioner raised this issue before on direct appeal but only directs the Court's attention to a challenge related to whether there was sufficient proof of Mr. Chacon's participation in a conspiracy. *See* Maurin Chacon Reply Brief, 2017 WL 3500316, Page 2-3 ("A defendant's association with conspirators and his knowledge of the conspirators' actions are not themselves sufficient proof of participation in a conspiracy.).   While similar, this is not the same argument that Petitioner raised on appeal.   The challenge now is to whether the conspiracy conviction goes hand in hand with the indictment, and whether the jury had proper instructions as to the aggregation of several drug offenses.

14

criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'") (quoting *Lynn,* 365 F.3d at 1234). Petitioner did neither and he even concedes that he failed to do in his reply.   [CVDE 10 at 2 ("These contentions were neither made by prior counsel nor otherwise considered on appeal.")].

Even worse, Petitioner makes no attempt to argue that any of the exceptions to the procedural default rule apply.   This is a reoccurring problem throughout Mr. Chacon's papers because he consistently fails to provide any explanation as to why any of these issues should be considered on collateral review when they should have been raised to the district court and on direct appeal.   And as for the actual innocence exception, Petitioner fails to present any new reliable evidence to show that no reasonable juror would have convicted him.   *See Isacson v. United States*, 2013 WL 6097231, at *7 (N.D. Ga. Nov. 19, 2013) ("In order to show that he is actually innocent, a movant must present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial,' which demonstrates that 'no reasonable juror would have convicted him' of the underlying offense." (quoting *House v. Bell,* 547 U.S. 518, 536–37 (2006)).

This is not surprising because, during trial, the Government presented copious amounts of evidence that Petitioner was part of a drug conspiracy and the Government did so through direct and circumstantial evidence.   This included

15

jailhouse calls, social media evidence, cellular text messages, witness testimony, and other documented evidence that all placed Mr. Chacon as a member of the conspiracy. Therefore, given that that Petitioner's conspiracy argument is procedurally defaulted and Mr. Chacon offers no rebuttal in opposition, his second claim should be **DENIED**.

### D.  *Claim Three: The 924(c) Charge*

Petitioner's third claim is a challenge to his conviction in count 9 – the Section 924(c) charge – for his possession of a firearm in violation of 21 U.S.C. § 841. Petitioner argues that his conviction in Count 9 was premised on a theory of vicarious liability but there was no charge of conspiracy to commit the underlying drug crime charged in Count 8. Instead, Petitioner states that Count 8 was a stand-alone drug offense and that the Court erred when it gave an instruction that linked Count 9 to a conspiracy. Petitioner claims that the Court's jury instructions improperly linked the 924(c) charge to a conspiracy offense when the jury was never required to make that finding in Count 8.

Petitioner also asserts that his conviction in Count 9 cannot be sustained on an alternative basis theory of aiding and abetting because the U.S. Supreme Court requires that a 924(c) defendant have advanced knowledge of a criminal venture before liability can attach. See *United States v. Perez*, 922 F.2d 782, 785 (11th Cir. 1991) ("In charging the jury, the court declined to give a *Pinkerton* instruction as requested by the United States. Accordingly, Perez's liability for the substantive

16

offenses rests solely upon an aiding and abetting theory.") (citing *United States v. Monaco,* 702 F.2d 860, 881 (11th Cir. 1983)).   That is, Petitioner claims that the jury was never required to find that he either conspired to commit the offense charged in Count 8 or that he had advanced knowledge to be an aider and abettor. *See Rosemond v. United States*, 572 U.S. 65, 75 (2014) ("An active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun.").   And because both of those are absent from the underlying proceedings, Petitioner reasons that his 924(c) conviction cannot stand.

Petitioner's argument relies, in part, on a doctrine that the Supreme Court established in *Pinkerton v. United States*, 328 U.S. 640 (1946).   Under *Pinkerton*, a "member of a conspiracy . . . is criminally liable" for the "reasonably foreseeable crimes" that other conspirators commit "during the course of and in furtherance of the conspiracy." *United States v. Moran*, 778 F.3d 942, 961 (11th Cir. 2015).   To establish that a defendant was part of a conspiracy, "the [g]overnment must prove that a conspiracy existed, that the defendant had knowledge of the essential aims of the conspiracy, and that with such knowledge, the defendant joined the conspiracy." *United States v. Newton*, 44 F.3d 913, 921 (11th Cir. 1995).   Once it does so, a defendant may be liable for substantive offenses committed by fellow conspirators even if he "lack[ed] . . . knowledge thereof[.]" *United States v. Silvestri*, 409 F.3d 1311, 1335 (11th Cir. 2005) (emphasis omitted) (quoting *United States v.*

17

*Mothersill*, 87 F.3d 1214, 1218 (11th Cir. 1996)).   "[A] district court does not err in giving a *Pinkerton* instruction if 'the evidence was sufficient for a reasonable jury to have concluded, beyond a reasonable doubt, that the [crimes] were reasonably foreseeable consequences of the conspiracy.'" *United States v. Shabazz*, 887 F.3d 1204, 1219 (11th Cir. 2018) (alterations adopted) (quoting *United States v. Alvarez*, 755 F.2d 830, 848 (11th Cir. 1985)).

Given the principles underlying *Pinkerton*, the Government suggests that we need not reach the merits of Petitioner's argument because this is nothing more than a renewed claim that Petitioner advanced on direct appeal.   *See* Chacon, Initial Brief, 2017 WL 1245022, 30 ("Here, in Counts 8 & 9 of the indictment the jury was given instructions that they could find Appellant of guilty of those counts based on Pinkerton principles of co-conspirator liability.   However, the evidence in this case, proved that Appellant was unaware of the gun or drugs that were possessed by Joseph Thompson which resulted in Counts 8 & 9 of the Second Superseding Indictment.").   The Government also asserts that the Eleventh Circuit explicitly rejected this contention as it found that there was ample evidence that Mr. Chacon was part of a conspiracy.   *See United States v. Dixon*, 901 F.3d 1322, 1344 (11th Cir. 2018) (stating that "[t]he district court was entitled to give a Pinkerton instruction, and the jury was entitled to find Chacon guilty for the drug and firearm offenses based on his role in the conspiracy.").   For these reasons, the Government concludes

18

Petitioner's third claim is nothing more than a recycled version of the arguments presented on direct appeal and that this cannot be pursued on collateral review.

Without belaboring the point, a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citing *United States v. Rowan,* 663 F.2d 1034, 1035 (11th Cir. 1981)).   "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Natelli,* 553 F.2d 5, 7 (2d Cir. 1977).   There is, at first glance, a debatable question as to whether the argument presented under Section 2255 is the same as the one that the Eleventh Circuit considered on direct appeal because – in reviewing the Court's decision – it appears that it assumed that a *Pinkerton* instruction was properly given to the jury.   *See, e.g.*, *Dixon*, 901 F.3d 1322 at 1343 (stating that Petitioner "contends that because no evidence suggests he joined a conspiracy concerning these offenses, the district court erred when it gave an instruction that allowed the jury to convict him based on his role in the conspiracy under the doctrine established in" *Pinkerton*).

Yet, Petitioner does not necessarily challenge the sufficiency of the evidence as to his 924(c) charge.   He instead claims that the instruction itself failed to comply with the requirements under *Pinkerton*.[7]   Both parties appeared to make the same

---

[7]     At trial, the Court gave the following jury instruction as to Count 9:

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be

assumption before the Eleventh Circuit as the Government and Mr. Chacon suggested in their briefs that the district court gave the jury a proper *Pinkerton* instruction.  *See* U.S. Brief, 2017 WL 2444342 at *28 ("Counts 8 and 9 charged Chacon with possession of cocaine base and possession of a firearm in furtherance of a drug trafficking crime in connection with the events of November 20 and 21, 2013 . . . Chacon was liable for these substantive offenses under a *Pinkerton* theory"); Chacon Brief, 2017 WL 1245022 at *30 ("Here, in Counts 8 & 9 of the indictment the jury was given instructions that they could find Appellant of guilty of those counts based on *Pinkerton* principles of co-conspirator liability.").   However, after further review, Petitioner now argues that the district court never gave a *Pinkerton* instruction and that his conviction under Count 9 constitutes manifest injustice.

It seems clear that the issue presented in this case is not exactly the same as the one raised on direct appeal.   The challenge to Count 9 on direct appeal centered

---

guilty of the crime even though the coconspirator did not participate directly in the crime.   So regarding Counts 5, 9, and 28 and Defendant Maurin Chacon, if you have first found Defendant Maurin Chacon guilty of the crime of conspiracy as charged in Count 1, you may also find Defendant Maurin Chacon guilty of any of the crimes charged in Counts 5, 9, and 28 even if you find Defendant Maurin Chacon did not personally participate in the crime.

To do so, you must find beyond a reasonable doubt: (1) During the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose; (2) Defendant Maurin Chacon was a knowing and willful member of the conspiracy when the crime was committed; and was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

[CRDE 902 at 31].

20

on whether there was sufficient evidence to give a *Pinkerton* instruction whereas, in this case, Petitioner challenges the adequacy of the instruction itself in conjunction with the substance of the charge in Count 8.   Yet, even if the issues are different and the adequacy of the instruction was never resolved against Mr. Chacon on direct appeal, he cannot raise it on collateral review because it is procedurally barred. *See Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding.").   And Petitioner fails to provide any argument that the first exception to the procedural default rule applies.

Although a petitioner may obtain review of a procedurally barred claim if he satisfies actual innocence exception, Petitioner has not done that either.   This exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'"   *Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1314 (11th Cir. 2012) (quoting *Schlup*, 513 U.S. at 324)).   The fundamental miscarriage of justice exception is only available, however, in extraordinary cases upon a showing of "actual' innocence" rather than mere "legal innocence."   *Johnson v. Ala.*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted).   Petitioner has failed to make any argument to meet this exception and there is no need to go any further in the

disposition of this claim because it is procedurally defaulted and should therefore be **DENIED**.

### E. *Claim Four: Ineffective Assistance at Plea Stage*

Petitioner's next contention is that his conviction should be vacated because he received ineffective assistance of counsel at the plea stage. Specifically, Petitioner claims that his former counsel did not properly advise him on the merits of a favorable guilty plea offer (which would have reduced his sentence by at least five years) and that he would have entered a plea if he had received adequate legal advice. Petitioner instead claims this his counsel encouraged him to rely on feeble defenses that rested on unfounded premises and that resulted in a 35-year sentence of imprisonment.

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. Generally speaking, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a

defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a *Strickland* claim, a court need not address both *Strickland* prongs if the petitioner fails to satisfy either of them." *Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. *See Hinton v. Alabama*, 571 U.S. 263, 273 (2014) (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689-90.

The *Strickland* test applies with equal force to ineffective assistance of claims arising out of the plea process, including to the negotiation and consideration of pleas that are rejected or lapse. *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). In these circumstances, "[c]ounsel has an obligation to consult with his client on important

23

decisions and to keep him informed of important developments in the course of the prosecution." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991). This obligation includes informing a client about formal plea offers that the government presents, and the failure to advise a client about such an offer is ineffective assistance of counsel. *See Missouri v. Frye*, 566 U.S. 134, 144-45 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

While "there is no constitutional right to plea bargain," *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), the Sixth Amendment's guarantee of effective assistance of counsel extends to the plea-bargaining process. *See Lafler*, 566 U.S. at 162. This means that defense counsel has a duty to communicate formal offers from the prosecution of a plea with terms and conditions that may be favorable to the accused, and failure to do so is deficient performance. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012).

When a party challenges a lawyer's performance surrounding a not-guilty plea, the movant "must show that there is a reasonable probability that, but for counsel's errors he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (alterations accepted) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Eleventh Circuit rejects such claims when a movant offers "no evidence to indicate that prior to his conviction he expressed any desire to plead guilty." *Diaz*, 930 F.2d at 835. The Court has explained, for example, that a movant's "after the fact testimony concerning his

desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." *Id.*

In the context of a rejected or uncommunicated plea offer, the prejudice prong requires the movant to show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164).

Here, Petitioner argues that he received erroneous legal advice that led him to forego a plea agreement that would have otherwise reduced his sentence as opposed to the pursuit of trial defenses that were doomed from the start. Petitioner's argument falls apart at the outset because he fails to even identify what plea his former counsel failed to convey. Other than his generic references to case law on the legal requirements that lawyers have in connection with their clients, Petitioner offers nothing more than a conclusory assertion that his former counsel was deficient and that this somehow prejudiced him as a result. This hardly comes close to meeting the burden required to warrant habeas relief because Petitioner fails to give any explanation as to how his former counsel was deficient and prejudicial. *See, e.g., Wilson v. Sec'y, Fla. Dep't of Corr.*, 769 F. App'x 825, 828 (11th Cir. 2019)

("Wilson does not indicate how or why these defenses could have weakened the evidence against him—we are simply told that they would.   Therefore, even if we were to agree that his counsel was insufficiently communicative, Wilson will still have failed to meet his burden of demonstrating prejudice.").

Petitioner's argument is also unpersuasive because he fails to offer any basis to conclude how a plea could have yielded a reduced sentence.   Petitioner suggests that a plea would have automatically entitled him to a sentence that was five years less than the one he received.   Yet, Petitioner does not even mention how he arrived at that conclusion.   He merely states that it would have been reduced and that, for this reason, his conviction should be vacated.   This is insufficient because Petitioner's argument requires something more than just a simple self-serving statement.   *See Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) ("Given appellant's awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer.") (citing *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir. 1986)); *see also Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (stating that a petitioner "must establish through objective evidence that there is a reasonable probability that, but for counsel's advice, he would have accepted the plea" and that the statement that he "would have been insane" to reject a guilty plea if properly advised was by itself insufficient to establish prejudice).   If that was all that was required, any petitioner could make a

self-serving statement and be entitled to habeas relief even without a shred of evidence to support it.[8]

Petitioner's argument also falls short for another reason because he maintains his innocence throughout the Petition and the underlying action but then claims that he would have taken a plea deal if he had received better legal advice.   This undermines his position because "[a] defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."   *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003).   Thus, in light of his position that he is innocent of the charged offenses, it is exceedingly difficult to conclude that there is a reasonable probability that Petitioner would have pled guilty.   *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) ("In light of Pericles's insistence that he is innocent of the offense, there is no reasonable probability that he would have pled

---

[8]   A guilty plea alone, for example, does not automatically entitle a defendant to a reduction for acceptance of responsibility under the Sentencing Guidelines. Under Section 3E1.1 of the Sentencing Guidelines, a district court may decrease a defendant's offense level by two levels if he "clearly demonstrates acceptance of responsibility for his offense."   USSG § 3E1.1(a).   A defendant may also receive an additional one-level decrease if his offense level is 16 or higher and the Government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."   USSG § 3E1.1(b).   Petitioner skips all these steps in his analysis – in that a reduced sentence of five years was a foregone conclusion – and it therefore makes it entirely unclear how we can find that his argument has merit when it has holes missing throughout the argument.

guilty if, before Pericles pled, his attorney had reviewed his criminal history.") (citing *Osley v. United States,* 751 F.3d 1214, 1224 (11th Cir. 2014) (defendant claiming ineffective assistance of counsel based on attorney's failure to advise him that he faced a mandatory minimum sentence could not show prejudice in part because his "claim that he would have pled guilty had he been properly informed [was] . . . undermined by his repeated claims of innocence")).

In short, Petitioner has failed to show either deficiency or prejudice in his claim that his former counsel rendered ineffective assistance of counsel.   Petitioner's argument is also conclusory and fails to put forth any evidence in support of his self-serving statement that he would have pled guilty if his lawyer had given him adequate legal advice.   Petitioner then states that five years would have been reduced from his sentence – but like before – fails to present any evidence in support of this claim.   All that Petitioner has provided is an assertion that he would have taken a plea deal but, other than that, his claim for ineffective assistance of counsel rings entirely hollow.   Making matters worse, his position throughout the underlying action and these proceedings has been to maintain his innocence – meaning on top of all the other reasons this claim should be denied, it falls short for this additional reason.   Therefore, Petitioner's claim that his former counsel rendered ineffective assistance of counsel at the plea stage should be **DENIED**.

### F.   *Claim Five: Ineffective Assistance at Sentencing Stage*

Petitioner's final argument is that his former counsel rendered ineffective assistance of counsel because the latter failed to challenge the scoring of his criminal history.   Petitioner complains, for example, that his counsel failed to object to the consideration of a prior juvenile robbery.[9]   Petitioner then claims that his former counsel failed to object to several paragraphs in his pre-sentence investigation report because the erroneous scoring doubled his criminal history points.   If Petitioner's former counsel had preserved an objection as to the counting of these prior offenses, Petitioner reasons that he would have received a two-category reduction as opposed to a 35-year sentence.   Because Petitioner's former counsel rendered deficient performance and this, in turn, prejudiced him with an elevated sentence, he concludes that habeas relief is required.

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). That is, when a prisoner claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice[.]'"   *Spencer*, 773 F.3d at 1138 (quoting *United States v. Addonizio,* 442 U.S. 178, 185 (1979).   A miscarriage of justice occurs where

---

[9]       Juvenile conduct that occurs within five years of the commencement of a current offense can be included in the scoring of a prisoner's criminal history.

a defendant is actually innocent, or where a defendant's sentence is "unlawful," such as when the defendant and his counsel are denied the right to be present at the sentencing hearing, or where the sentence exceeds the statutory maximum.   *See id.* at 1138-39. A sentencing error also qualifies as a "fundamental defect" where "a prior conviction used to enhance [the defendant's] sentence has been vacated."   *Id.* at 1139.   However, lesser errors, such as a misapplication of the sentencing guidelines, do not authorize relief under § 2255.   *Id.* at 1140 ("A misapplication of advisory sentencing guidelines . . . does not violate an 'ancient' right, nor does it raise constitutional concerns.").

Petitioner's arguments again crumble because the Court sentenced him below the statutory maximum and at the low end of the guideline range.   *See Freeman v. United States*, 2015 WL 900389, at *4 (S.D. Ga. Mar. 3, 2015) ("Petitioner was sentenced not only below the statutory maximum, but also below the low end of the guideline range, and has not shown actual innocence or vacatur of the prior state convictions that he claims were improperly used against him.").   This means that, to seek relief under Section 2255, he must either show actual innocence or the vacatur of a prior conviction.

Yet, Petitioner has done neither in this case and he has failed to explain how he is entitled to any relief when the arguments presented do not meet this demanding standard.   *See Spencer*, 773 F.3d at 1138-39 (11th Cir. 2014) ("[A] district court lacks the authority to review the alleged error unless the claimed error

constitutes a fundamental defect which inherently results in a complete miscarriage of justice").   And even if the district court erred in the consideration of Petitioner's prior juvenile offenses, he cannot undo his sentence through Section 2255 because "[w]hen a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice."   *Spencer*, 773 F.3d at 1139; *see also Cunningham v. United States*, 2019 WL 7597249, at *2 (S.D. Ga. June 24, 2019), *Report and Recommendation adopted*, 2020 WL 264318 (S.D. Ga. Jan. 16, 2020) ("[E]ven if the Court had erred . . . Cunningham would not be able to unwind that error through § 2255.").   We therefore conclude that Petitioner's fifth claim lacks merit and that the Petition, as a whole, should be **DENIED**.

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the Petition pursuant to 28 U.S.C. § 2255 [CVDE 1] be **DENIED** as to all claims raised.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual

or legal conclusions included in the Report.    28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1;

*see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of August, 2020.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge