UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-21292-CV-WILLIAMS

MAURIN CHACON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Edwin F. Torres' Report and Recommendation ("***Report***") (DE 11) on the Motion to Vacate (DE 1) ("***Motion***") filed by Plaintiff Maurin Chacon ("***Plaintiff***" or "***Mr. Chacon***"). Mr. Chacon filed Objections to the Report (DE 12) ("***Objections***"), and later filed a Notice of Supplemental Authority (DE 13) ("***Notice***). Upon a careful review of the Report, the Motion, the Objections, and the record, and for the reasons discussed below, Judge Torres' Report is **AFFIRMED AND ADOPTED**, and Plaintiff's Motion is **DENIED**. The Court writes separately to address Plaintiff's Claim One and the development of relevant case authority. (DE 11 at 4–12; DE 1 at 4.)

    **I.   BACKGROUND**

This Court sentenced Mr. Chacon on January 21, 2016, in the underlying criminal proceeding, *United States v. Maurin Chacon*, No. 14-cr-20017-KMW-1, CDE 1404 (S.D. Fla. Jan. 28, 2016) ("***Criminal Proceeding***," and citations to the docket in the Criminal Proceeding "***CDE***"). Judgment as to Mr. Chacon was entered on January 29, 2016. (CDE 1404.) As set forth in the Report, on October 3, 2014, a Second Superseding Indictment

charged Mr. Chacon and thirteen (13) co-defendants with conspiracy to possess 280 grams or more of cocaine and a detectable quantity of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). (DE 11 at 2 (citing CDE 199 at 2).) Mr. Chacon was also charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5); commission of a violent crime in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2 (Count 6); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 7); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 9 and 28); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 23); and multiple counts of possession of cocaine and marijuana with an intent to distribute pursuant to 21 U.S.C. § 841(A)(1) (Counts 8, 12, 13, 18, 19, 20, 21, 22, and 30). (DE 11 at 2 (citing CDE 199 at 2, 5–21).) A jury found Mr. Chacon guilty of Counts 1, 8, 9, 12, 13, 19, 20, 22, 23, and 30, and not guilty on Counts 5, 18, 21, and 28 of the Second Superseding Indictment (CDE 905; CDE 199.) The Court then sentenced Mr. Chacon to a total term of 420 months, consisting of 360 months as to Counts 1, 8, 12, 13, 19, 20, 22 to "run concurrently" with a term of 120 months as to Count 23, and then a consecutive term of 60 months as to Count 9. (CDE 1404 at 3.)

Mr. Chacon filed a notice of appeal as to the sentence and judgment on January 30, 2016. (CDE 1405.) Mr. Chacon's appeal, filed with the assistance of counsel, did not raise a claim regarding his knowledge, or lack of knowledge, regarding his felon status as it related to Count 23. *See United States v. Dixon*, No. 15-14354, ADE 70 (11th Cir. Apr. 3, 2017) ("**Appeal Proceeding**," and citations to the docket in the Appeal Proceeding

"**ADE**"). The Eleventh Circuit ultimately affirmed this Court on November 27, 2018. (CDE 1569.) Then, on January 11, 2019, the Supreme Court granted certiorari as to Hamid Mohamed Ahmed Ali Rehaif's ("**Mr. Rehaif's**") petition for a writ certiorari. *Rehaif v. United States*, 139 S. Ct. 914, 914 (2019). On February 11, 2019, exactly a month after the Supreme Court's grant of Mr. Rehaif's petition, Mr. Chacon filed his own *pro se* petition for writ certiorari with the Supreme Court. *Chacon v. United States*, No. 18-7986 (U.S. Feb. 11, 2019). Again, the petition did not raise a claim regarding Mr. Chacon's knowledge of his felon status as it related to Count 23. *Id.* The Supreme Court denied his petition. *Chacon v. United States*, No. 18-7986 (U.S. Mar. 7, 2019). Following the unsuccessful appeal and petition for writ of certiorari, Mr. Chacon filed the instant Motion on March 25, 2020. (DE 11 at 3; DE 1.) Mr. Chacon raises five (5) grounds in the Motion: Claim One, for relief based on a change of law as to firearm possession by a convicted felon, which relates to Count 23 of the Second Superseding Indictment; Claim Two, a challenge to the Count 1 drug conspiracy charge; Claim Three, challenged the sentencing enhancement pursuant to § 924(c) in Count 9; Claim Four, which alleges a claim of ineffective counsel at the please stage; and Claim Five, a claim of ineffective assistance of counsel at sentencing. (DE 11 at 3; DE 1 at 14–15.)

      Upon review and a careful consideration of the Report, the Motion, the Objections, the record in the instant proceeding and the Criminal Proceeding, and applicable law, the Court affirms and adopts the Report, but writes separately to address Claim One.

## II.  DISCUSSION

The Court first discusses Claim One and its procedural history. Then, the Court discusses why intervening case authority *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022), does not affect Claim One in this proceeding.

In Claim One, Mr. Chacon argues that the Supreme Court decision *Rehaif v. United States*, 139 S. Ct. 2191 (2019), necessitates vacation of his sentence as to Count 23. (DE 1 at 15.) *Rehaif* requires that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Mr. Chacon asserts that, although he was convicted of a § 922(g) offense, "the jury was not required to find that he knew that he had the relevant status. Instead, the jury understood that the defendant need not know his prohibited status at all." (DE 1 at 15.) In the Report, Judge Torres recommends the Court deny Claim One because, at the time, the Eleventh Circuit had not clarified or held that *Rehaif* is retroactive on collateral review, and courts had consistently found it was not. (DE 11 at 6 (citations omitted).) Accordingly, the Court will briefly address developments in applicable law as to this point. The Report also recommends the Court deny Claim One because it is procedurally defaulted. (*Id.* at 7.) Procedural default applies when a movant such as Mr. Chacon did not advance an available challenge to a criminal conviction or sentence on direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted). There are two exceptions to procedural default: (1) that a movant show cause and actual prejudice, or (2) actual innocence. *Id*.

In response to the Motion, the Government argues that Claim One is procedurally defaulted because Mr. Chacon "did not preserve a knowledge-of-status objection before this Court or on direct appeal." (DE 7 at 6.) The Government addresses each exception to the procedural default rule, including the argument that any potential claim similar to *Rehaif* was "novel" so as to show cause for default. (*Id.* at 7.) In this Circuit, to show cause for procedural default, "the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Lynn*, 365 F.3d at 1235 (citing *Smith v. Murray*, 477 U.S. 527, 534, (1986); then citing *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir.1992); and then citing *Lomelo v. United States*, 891 F.2d 1512, 1515 (11th Cir.1990)). "Further, to show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235 (citing *Smith v. Jones*, 256 F.3d 1135, 1145 (11th Cir.2001) (noting "that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts") (citations, quotations omitted)). The Government argues that the question presented in *Rehaif* "was thoroughly and repeatedly litigated in the courts of appeals over the last three decades" so to eliminate any novelty. (DE 7 at 7.) Further, as set forth above, Mr. Rehaif's claim itself was raised and certiorari was granted before Mr. Chacon filed his own petition for a writ of certiorari. Mr. Chacon's concedes that his "[a]ppellate counsel . . . failed to pursue certiorari relief . . . under the pending *Rehaif* arguments" on his behalf, but asserts that if counsel had sought such relief, "relief would ultimately have been granted." (DE 10 at 7.)

The Report agrees with the Government, reasoning that, "[w]hile it is true that the Eleventh Circuit had previously foreclosed the [*Rehaif*] argument . . . with respect to the knowledge requirement for a conviction under § 922(g), futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (DE 11 at 9) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation, quotations omitted).) The Report cites to several instances, including Mr. Rehaf's **_2017_** case before the Eleventh Circuit, where *Rehaif*-like arguments were advanced. (DE 11 at 10 (citations omitted).) In his Objections to the Report, Mr. Chacon argues that it was counsel's failure to follow relevant proceedings and make a *Rehaif* argument. (DE 12 at 4.) But "to show cause for procedural default," a movant such as Mr. Chacon "must show some objective factor **_external_** to the defense" that prevented the argument from being made, such as new evidence. *Lynn*, 365 F.3d at 1235 (emphasis added). On this record, the Court must affirm the Report and conclude that Claim One of Mr. Chacon's Motion is procedurally defaulted.[1]

Case law following *Rehaif* has continued to develop. As noted by Mr. Chacon in the Notice (DE 13), on May 6, 2022, the Eleventh Circuit held that *Rehaif* "announced a new rule of substantive law that applied retroactively to . . . initial § 2255 motion[s]," which clarified an issue identified by the Report. *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022); (DE 11 at 6–7.) *Seabrooks* is applicable to Mr. Chacon's motion, in that the Motion is an "initial § 2255 motion," but the opinion also clearly set forth the

---

[1] Although it is likely no comfort to Mr. Chacon, even if the Court were to determine that Claim One was not procedurally defaulted, the respective sentence term as to Count 23 runs concurrently with the sentence term as to Counts 1, 8, 12, 13, 19, 20, 22. (CDE 1404 at 3.) Consequently, even if the Court were to grant the Motion as to Claim One, Mr. Chacon's incarceral period would remain the same.

framework for analyzing procedural default before concluding the movant's claim was not procedurally defaulted. *Seabrooks*, 32 F.4th at 1384. Unlike in *Seabrooks*, where the Government failed to raise the defense of procedural default, here, the Government clearly argued Claim One is procedurally defaulted. *Compare id.*, *with* (DE 7 at 6–9). Although Mr. Chacon is correct that *Seabrooks* is relevant case authority, it does not affect the outcome of this matter. Consequently, the Report is affirmed and adopted and the Motion is denied and dismissed with prejudice.

### III.  CERTIFICATE OF APPEALABILITY

A movant seeking to appeal a district court's final order denying his § 2255 motion to vacate has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. §2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253 (c)(2). Where a district court has rejected a § 2255 movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record and applicable case law, a certificate of appealability shall not issue.

### IV.  CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that:

1. Judge Torres' Report (DE 11) is **AFFIRMED AND ADOPTED**;
2. Plaintiff's Motion (DE 1) is **DENIED** and **DISMISSED WITH PREJUDICE**;
3. No certificate of appealability shall issue; and

4. The Clerk is ordered to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 18th day of January, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE